**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**RANDALL DAVID DUE,**
       **Petitioner,**

v.                                                        Civil Action No.: 3:18-CV-29
                                                               (GROH)

**JENNIFER SAAD, Warden,**
       **Respondent.**

**REPORT AND RECOMMENDATION**

**I.  INTRODUCTION**

On February 28, 2018, the *pro se* Petitioner, Randall David Due, filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. ECF No. 1[1]. Petitioner is a federal inmate housed at FCI Gilmer who is challenging the validity of his conviction in the United States District Court for the District of Nebraska. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2.

---

[1] All CM/ECF references are to the instant case, 3:18-CV-29, unless otherwise noted.

## II.    FACTS[2]

### A.    Petitioner's Conviction and Sentencing

On February 20, 2013, a nine count superseding indictment was returned against Petitioner[3] in the Southern District of Nebraska, in case number 8:12-CR-344, which charged Petitioner with conspiracy/false liens[4] in Counts 3 through 9, in violation of 18 U.S.C. § 1521[5].  ECF No. 55.  Although Petitioner had appointed counsel who represented him in the criminal proceeding, on July 16, 2013, Petitioner moved to represent himself.  ECF No. 138.  Thereafter, Petitioner became an active litigant.

---

[2] All CM/ECF references in Facts sections II.A. and II.B refer to entries in the docket of Criminal Action No. 8:12-CR-344, District of Nebraska, unless otherwise noted. The information taken from Petitioner's criminal docket in the United States District Court for the District of Nebraska is available on PACER.  Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

[3] Petitioner was jointly charged with a co-defendant, Donna Marie Kozak.

[4] Petitioner is an adherent of the "sovereign citizen" movement.  His prosecution in Nebraska was a result of his filing of false liens against two United States District Court judges, the United States Attorney for the District of Nebraska, two Assistant United States Attorneys and an Internal Revenue Service special agent.  https://www.justice.gov/opa/pr/georgia-sovereign-citizen-convicted-filing-false-liens-against-federal-officials.

The sovereign citizen concept was addressed by the Fourth Circuit Court of Appeals in United States v. Glover, 715 F. App'x 253, 255 (4th Cir. 2017), cert. denied, 138 S. Ct. 1454, 200 L. Ed. 2d 727 (2018).  In Glover, the defendants filed meritless pro se motions based on the assertion that they were "sovereign citizens."  The Fourth Circuit explained that:

> Adherents to sovereign citizen theory believe in a vast governmental conspiracy "governed by complex, arcane rules," according to which sovereign citizens are "exempt from many laws, including the obligation to pay taxes, and ... can be empowered to seize private property, enforce legal actions against individuals, and claim money from the government." J.M. Berger, *Without Prejudice: What Sovereign Citizens Believe*, George Washington University Program on Extremism 2 (June 2016),
> https://extremism.gwu.edu/sites/extremism.gwu.edu/files/downloads/JMB%20Sovereign%20Citizens.pdf.

[5] The statute provides, "Whoever files, attempts to file, or conspires to file, in any public record or in any private record which is generally available to the public, any false lien or encumbrance against the real or personal property of an individual described in section 1114, on account of the performance of official duties by that individual, knowing or having reason to know that such lien or encumbrance is false or contains any materially false, fictitious, or fraudulent statement or representation, shall be fined under this title or imprisoned for not more than 10 years, or both."  18 U.S.C. § 1521.

2

On August 20, 2013, Petitioner filed a number of atypical motions and pleadings including documents titled: "Affidavit of Distress Right"; "Constructive Notice"; "Demand 'Due Process' 5th and 14th Amendment"; "Article 6 Constitution of the United States"; "We the People";  "Judicial Code of Conduct"; "Demand to Show 'Just Cause'"; "File (record) this Criminal Complaint"; "Citizens' Declaration of Independence"; three separate documents all titled "Demand for Certified Copies of Required Constitutional Oaths and Bonding and/or Public Official Liability Insurance Policies / Solemn Recognition of Mixed War"; and "Notice of the Existence of a First Amendment Administrative Commercial Lien Process of the United States of America".  ECF Nos. 160 – 162, 166 – 174, 178.  By Order entered August 29, 2013, the Court entered an order which terminated a number of motions filed by Petitioner.  ECF No. 182.  The Court noted that in ECF filings 144, 146 and 153, Petitioner "challenges the government's ability to simultaneously bring criminal and civil actions against [him]" in that action and in 8:13-CV-122, and denied Petitioner relief on all three motions.  Id. at 2 – 3.  The Court further substantively addressed and denied Petitioner relief as to ECF filings 145, 149, 152 and 170.  Id. at 3.  Finally, the Court addressed Petitioner's remaining filings and ruled that "to the extent these filings are notices, such filings shall be termed on the docket as not being motions and are otherwise incomprehensible and have no legal significance. . . they are denied."  Id.

Petitioner next filed a "Notice of Request to Remove Judge Thalken 'Conflict of Interest'" on September 5, 2013, which motion was denied by Order entered September 9, 2013.  ECF Nos. 185, 192.  On September 6, 2013, Petitioner filed additional motions: "A Distress/Replevin Judicial Fraud Denial of Due Process Violation

of Civil Rights Demand to Show 'Just Cause'"; "Notice to the Clerk of Court"; "Judicial Fraud Denial of Due Process Violation of Civil Rights Demand to Show 'Just Cause'"; "Notice to the Clerk of Court"; "Motion No In Personam Primary Jurisdiction"; and "Motion Notice of Request for Continuation".  ECF Nos. 186 – 191.  On September 10, 2013, Petitioner filed a "Motion No Valid Subject Matter Primary Jurisdiction" and "Motion No Venue Primary Jurisdiction".  ECF Nos. 193, 194.  On September 13, 2013, Petitioner filed two additional motions, "Motion Proclamation to Dismiss" and "Motion to 'Strike' Plaintiff's Claim".  ECF Nos. 195, 196.  Petitioner continued to file various motions throughout the pendency of the matter.  ECF Nos. 203, 204, 207, 209, 226, 228, 230, 232 – 237, 245, 247.  By orders entered on November 27, 2013, December 3, 2013, December 9, 2013, December 10, 2013 and January 3, 2014. the Court denied these motions.  ECF Nos. 239, 246, 249, 252, 264.

Petitioner filed more motions of a similar nature on December 19, 2013.  ECF Nos. 257 – 260.  All of those motions were denied by Order entered January 3, 2014.  ECF No. 263.  Also on January 3, 2014, Petitioner filed a motion styled "Petition to Recognize Joinder of Case No. CR13-349 to Case No. 8:12CR344", which was denied by Order entered January 6, 2014.  ECF Nos. 265, 266.

On January 7, 2014, Petitioner filed a "Petition for Writ of Mandamus" and a brief in support of his petition.  ECF Nos. 268, 269.

Petitioner next filed a "Petition to Compel/Order" on January 9, 2014.  ECF No. 270.  On January 17, 2014, Petitioner filed a pleading entitled, "Objection to Orders 'Goggledygook'".  ECF No. 271.  Petitioner filed another "Petition to Compel/Order" on January 21, 2014.  ECF No. 272.  On January 24, 2014, Petitioner filed an "Objection

and Petition to Compel/Order". ECF No. 279. The Court denied three of these motions [ECF Nos. 270, 272, 279] by Order entered February 12, 2014. ECF No. 293. By Memorandum and Order entered March 20, 2014, the Court overruled Petitioner's objections in ECF Nos. 271, 276, 277 and 302, affirmed the magistrate judge's orders in ECF Nos. 263, 266 and 293, and denied Petitioner's motions in ECF Nos. 257, 258, 259, 260, 265, 270, 272 and 279. ECF No. 321 at 2.

From January 2014 through July 2014, Petitioner filed six interlocutory appeals. First, on January 21, 2014, Petitioner sought a writ of mandamus from the Eighth Circuit Court of Appeals in that Court's docket number 14-1137, related to the District Court's January 3, 2014, [ECF No. 263] order denying his petition for declaratory judgment. ECF No. 273. The matter was denied on January 28, 2014 in that Court's docket number 14-1137. ECF Nos. 283, 284. Second, on February 5, 2014, Petitioner filed 14-1263, which challenged the District Court's order [ECF No. 239] denying relief on several motions entered on November 27, 2013. U.S.C.A. 8th Cir. 14-1263, Document 00812352879. That matter was dismissed for lack of jurisdiction on June 10, 2014. ECF No. 403; U.S.C.A. 8th Cir. 14-1263, Document 00812441118. Third, on February 24, 2014, Petitioner filed 14-1385, which again sought a writ of mandamus, because the Court had not yet ruled on his first petition for a writ of mandamus. U.S.C.A. 8th Cir. 14-1385, Document 00812363855. That matter was denied on February 26, 2014. U.S.C.A. 8th Cir. 14-1385, Document 00812366182. Fourth, on May 1, 2014, Petitioner filed 14-2017, which challenged the memorandum and order [ECF No. 321] entered March 20, 2014. U.S.C.A. 8th Cir. 14-2017, Document 00812412247. That matter was dismissed for lack of jurisdiction on June

10, 2014.  ECF No. 403; U.S.C.A. 8th Cir. 14-2017, Document 00812441118.  Fifth, on June 9, 2014, Petitioner filed 14-2338, which challenged the District Court order [ECF No. 378] entered May 14, 2014.  U.S.C.A. 8th Cir. 14-2338, Document 00812439780.  That matter was dismissed for failure to prosecute on September 16, 2014.  U.S.C.A. 8th Cir. 14-2338, Document 00812512076.  Sixth, on July 15, 2014, Petitioner filed 14-2674, which challenged the order [ECF No. 396] of the District Court entered June 3, 2014.  U.S.C.A. 8th Cir. 14-2674, Document 00812467204.  That matter was dismissed for failure to prosecute on September 16, 2014.  U.S.C.A. 8th Cir. 14-2674, Document 00812512114.

Petitioner's jury trial began on September 2, 2014.  ECF No. 475.  On September 4, 2014, a jury found Petitioner guilty of all the counts of the superseding indictment in which he was charged: Counts 3, 4, 5, 6, 7, 8 and 9.  ECF No. 488.  The Judgment in a Criminal Case was entered on December 5, 2014, wherein Petitioner was sentenced to 120 months on each count, with those sentences to run concurrently to one another.  ECF No. 533.

Following sentencing, in June 2016, Petitioner filed a number of motions.  ECF Nos. 549 – 554.  By Order entered June 24, 2016, the Court denied some of Petitioner's motions.  ECF No. 555.  Petitioner next filed a motion which was construed as a motion to vacate judgment but titled "Verified Petition and brief to Vacate Void Judgment Motion for Judicial Notice Notice of Subrogation & Demand for Payment" on September 22, 2016.  ECF No. 557. The Court denied as frivolous Petitioner's motion to vacate, by order entered October 19, 2016.  ECF No. 558.

### B. Direct Appeal

Although Petitioner filed six interlocutory appeals[6], he did not file a direct appeal from judgment.

### C. Instant § 2241 Petition

In the instant § 2241 Petitioner asserts eight grounds for relief: (1) that he is actually, legally and factually innocent [ECF No. 1 at 5]; (2) that there was insufficient evidence at trial to demonstrate the Petitioner knowingly filed a false lien or encumbrance or that Petitioner "knowingly conspired" to do so [Id. at 6, 7]; (3) that the trial court improperly admitted perjured testimony by a judge [Id. at 6]; (4) that Petitioner's 5th Amendment rights were violated by the trial court's rulings on the admissibility of testimony [Id.]; (5) that prior post-conviction attempts to obtain relief were in adequate and ineffective because the judges who presided over those attempts had a financial conflict of interest and refused to recuse themselves [ECF No. 1-1 at 1]; (6) that the trial court erred in its jury instructions at trial [Id.]; (7) that the trial court improperly admitted evidence at trial [Id. at 1 – 2]; and (8) that the trial court lacked jurisdiction to hear the underlying case [Id. at 3]. Petitioner requests that the court "vacate the void judgment and immediately release" him from imprisonment. Id. at 8. Petitioner asserts that he is permitted to bring the instant action under § 2241 because he needs a venue "outside the influence and/or control" of the Eighth Circuit judges. Id. at 9. Petitioner concedes that he is time barred from filing a petition under § 2255. Id.

On March 22, 2018, Petitioner filed: a 9-page handwritten brief in support of his petition for Habeas Corpus; a nine-page addendum typewritten brief; two additional

---

[6] See Section II.A. for a complete identification and disposition of Petitioner interlocutory appeals.

handwritten pages; three-page Exhibit C, "Declaration of Political Status of Randall David Due: Private American"; two-page Exhibit F, "United States Constitution Citation Criminal Complaint Affidavit and Brief of Information"; Exhibit G, a list of judges and agents of the United States District Court for the District of Nebraska, Omaha; Exhibit H, a "Reassignment Order"; Exhibit I, an "Order"; Exhibit J, a December 19, 2016 letter addressed to Petitioner from the District of Nebraska Senior Judge; Exhibit M, a Freedom of Information Act request by Petitioner directed to the United States Department of Justice, and the response thereto; Exhibit N, a "Notice of: Sole Title Holder in Due Course/Deed of Acknowledgement and Acceptance Without Consideration" executed by Petitioner; and a certificate of service.  ECF No. 7.

On May 7, 2018, Petitioner filed a 10-page typewritten document in support of his petition for habeas corpus, which was construed as a second brief, but which is entitled, "Demand Show Cause & Brief in Support of Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 to Vacate Void Judgment for Lack of Subject Matter Jurisdiction/Fraud".  ECF No. 8.  On July 19, 2018, Petitioner filed a motion for entry of default judgment pursuant to Federal Rule of Civil Procedure 55.  ECF No. 9.  On October 29, 2018, Petitioner filed a "Demand Show Cause" with two exhibits, regarding his motion [ECF No. 9] filed on July 19, 2018.  ECF Nos. 11, 11-1, 11-2.

Although the memoranda do not conform to the requirements of the Local Rules of Prisoner Litigation Procedure, the Court has reviewed and considered the arguments contained therein.

### III. LEGAL STANDARD

### A. Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B. Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in Neitzke recognized that:

> Section 1915(d)[7] is designed largely to discourage the filing of, and waste of judicial and private resources upon,

---

[7] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may

>baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### C. Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated." Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The law is

---

dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of a limitation bar,[8] the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal. In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

When contesting a conviction, a petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective, and the standard is an exacting one. In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, **and**
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

---

[8] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:

  a. The date on which the judgment of conviction becomes final;
  b. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
  c. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  d. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

### D. Default Judgment

Federal Rule of Civil Procedure 55 which governs default by parties and motions for default judgment provides as follows:

> **(a) Entering a Default.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
> **(b) Entering a Default Judgment.**
> **(1)** *By the Clerk.* If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk--on the plaintiff's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
> **(2)** *By the Court.* In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial-- when, to enter or effectuate judgment, it needs to:
> **(A)** conduct an accounting;
> **(B)** determine the amount of damages;
> **(C)** establish the truth of any allegation by evidence; or
> **(D)** investigate any other matter.
> **(c) Setting Aside a Default or a Default Judgment.** The court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b).
> **(d) Judgment Against the United States.** A default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court.

Fed. R. Civ. P. 55

## IV.     ANALYSIS

Petitioner does not seek relief under any permissible ground in his § 2241 petition.  The petition and the memoranda all attack Petitioner's conviction.  At its essence, the petition argues eight grounds which are all appropriate for disposition in a direct appeal or under § 2255.

In his first claim, Petitioner contends that he is actually innocent, an argument more appropriately considered in a direct appeal or § 2255 proceeding.  However, Petitioner did not raise that issue in any direct appeal or § 2255 proceeding, having failed to pursue either remedy.

In his second and fourth claims, Petitioner asserts that there was insufficient evidence to support his conviction.  Such claims are more appropriately considered in a direct appeal.

In his third, fourth and seventh claims, Petitioner asserts that the trial court improperly admitted evidence at trial.  Again, such claims are more appropriately considered in a direct appeal.

In his sixth claim, Petitioner contends that the trial court erred when it instructed the jury.  Such a claim is appropriately considered in a direct appeal.

Because the claims asserted in grounds 1, 2, 3, 4, 6 and 7 raise issues that were appropriately raised in a direct appeal, which Petitioner failed to file, those issues appear to have been waived.

In his fifth claim, Petitioner asserts that judicial impropriety led to unfavorable results in prior post-conviction proceedings.  Only Petitioner's fifth claim appears to be a

topic arguably appropriate for disposition under § 2241, in that it related to his post conviction proceedings, instead of his trial. Ground five asserts in its entirety:

> The earlier post-conviction petitions attempting to obtain Remedy thru the sentencing court were inadequate and ineffective as a result of the judges who where [sic] involved as lien debtors were handling the petitions and were refusing to recuse themselves because of their "financial conflict of interest" –and– were denying defendant of his Due Process Rights every time.
>
> Supporting facts: Judges involved had a "financial conflict of interest" and refused to recuse themselves from the case.

ECF No. 1-1 at 1.  Petitioner does not cite to any specific instances of such judicial impropriety in any post-conviction proceedings.  A review of Petitioner's six interlocutory appeals demonstrates that to the extent his claims reference those proceedings, they have no merit.  Two of the interlocutory appeals were dismissed for lack of jurisdiction and two were denied for failure to prosecute.  See n. 4 herein.  The two appeals which were denied on the merits were petitions for writs of mandamus.  The first, 14-1137, sought to remove the underlying Magistrate Judge and District Judge removed "for their refusal to obey the law".  U.S.C.A. 8th Cir. 14-1137, Document 00812342219 at 1. That "[p]etition for writ of mandamus [was] considered by the court and [was] denied," on January 24, 2014.  U.S.C.A. 8th Cir. 14-1137, Document 00812346798.  The second, 14-1385, sought mandamus to "correct the errors of law in the Judicial Proceedings" in his criminal case, and to remove the same judges he sought to have removed in the first mandamus proceeding.   U.S.C.A. 8th Cir. 14-1385, Document 00812363855, at 1.  That action was also "considered by the court and [ ] denied," on February 26, 2014. U.S.C.A. 8th Cir. 14-1385, Document 00812366182.

In his eighth claim, Petitioner makes assertions that are unintelligible, stating:

> Defendant (Public Minister/Civil Rights Advocate proxy for the Public Benefit) is the Business entity as registered with the Minnesota Secretary of State-Steve Simon –and- as the "real party of interest" Due, Randall David (Authorized Representative/Agent has "in personam" claim of injury under the "savings to suitors" clause of § 1333.

ECF No. 1-1 at 3. The statute which Petitioner appears to cite is 28 U.S.C. § 1333, which governs admiralty, maritime and prize cases, and provides:

> The district courts shall have original **jurisdiction**, exclusive of the courts of the States, of:
>    **(1)** Any civil case of admiralty or maritime **jurisdiction**, saving to suitors in all cases all other remedies to which they are otherwise entitled.
>    **(2)** Any prize brought into the United States and all proceedings for the condemnation of property taken as prize.

The statute cited by Petitioner is clearly inapplicable to this proceeding pending under § 2241. Although the assertions made by Petitioner in Claim 8 are unintelligible, even construed liberally, Petitioner appears to claim that he suffered an unspecified injury caused by the Minnesota Secretary of State, which injury in subject to federal admiralty law. Petitioner's claims in that regard are so vague as to fail to state a claim upon which relief may be granted. Moreover, any allegations of injury caused by another actor are not properly considered under § 2241, regardless of the applicability of federal admiralty law. Accordingly, Claim 8 is clearly baseless and merits dismissal. See <u>Nietzke</u>, <u>supra</u>.

For relief, Petitioner seeks to have his conviction vacated. ECF No. 1 at 8. His claims are unrelated to either the execution of sentence or calculation of sentence by the Bureau of Prisons. Instead his claims relate to the validity of the conviction in the District of Nebraska. Such claims are properly contested either on direct appeal or in a

§ 2255 proceeding. Therefore, the instant petition is actually an attempt to obtain relief available under § 2255, and should be treated as such.

A prisoner "will not be allowed to recast, under the guise of collateral attack, questions fully considered by [previous] courts." Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976). Petitioner concedes that in his first post-conviction proceeding he has previously sought to "vacate void judgment" for lack of subject matter jurisdiction in the District of Nebraska, and that relief was denied there. ECF No. 1 at 3 – 4.

Further, although Petitioner asserts that he is entitled to relief under the savings clause[9], it is clear that he is not entitled to its application. When considering any ground which challenges Petitioner's conviction, this Court must first apply the Jones standard to his claims. Even if Petitioner satisfied the first and the third elements of Jones, the crimes for which Petitioner was convicted, seven counts of retaliating against a federal judge or federal law enforcement officer by false claim or slander of title, in violation of 18 U.S.C. § 1521 remains a violation of law. Therefore Petitioner cannot satisfy the second element of Jones. Consequently, to the extent Petitioner attacks the validity of his conviction, he fails to establish that he meets the Jones requirements, and cannot demonstrate that § 2255 is an inadequate or ineffective remedy.

Because Petitioner cannot meet the savings clause of § 2255, his claims may not be considered under § 2241. Accordingly, this Court is without jurisdiction to consider

---

[9] Petitioner's argument appears to combine the application of the savings clause of 28 U.S.C. § 2255 with the "savings to suitors" clause of 28 U.S.C. § 1333, arguing, "Savings to Suitors is the extraordinary common law remedy whenever said remedy is the only complet [sic], and adequate remedy, and it is hereby and herein declared that the statutory relief of § 2255 is not a complete or adequate substitute for the 'unalienable' perfect common law remedy." ECF No. 1-1 at 3.

the Petition[10]. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## V. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that Petitioner's section 2241 petition be **DENIED and DISMISSED WITHOUT PREJUDICE**.

It is further **RECOMMENDED** that Petitioner's motion for default judgment [ECF No. 9] and demand show cause [ECF No. 11] be **TERMINATED AS MOOT**.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright

---

[10] Because the Court is without jurisdiction to consider the petition, it is also without jurisdiction to consider Petitioner's motion for default judgment [ECF No. 9] related to the petition.

v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the District Court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to her last known address as reflected on the docket sheet.

**DATED:** October 30, 2018

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE